## SHAMMAS v. BATES et al.

(District Court, S. D. Florida. December 12, 1925.)

No. 387.

1. **Specific performance ⬅28(2)—Contract held not objectionable, as being too vague or indefinite.**

Contract for sale of leasehold *held* not too vague or indefinite for enforcement, it clearly appearing from the contract that intention of defendants was to sell and assign leasehold interest of wife in property to complainant on terms specified therein.

2. **Specific performance ⬅108—Recording contract of sale sought to be enforced obviates necessity of injunction restraining sale of property.**

In bill for specific performance of contract for sale of land, which contract was recorded, injunction restraining sale or incumbrance of property will not be granted.

3. **Receivers ⬅17—Fact title was vested in married woman not sufficient necessity for appointment of receiver to preserve corpus.**

In bill for specific performance of contract to convey leasehold, fact that the defendant, in whom the title was vested, was a married woman, against whom damages could not be recovered, was not sufficient necessity for the appointment of receiver to preserve the corpus of the property; this especially in view of fact that but $3,000 of $200,000 payment had been made by complainant, and court in decree would protect complainants against damages suffered by reason of defendant's refusal to perform the contract.

In Equity. Bill for specific performance by Naseem N. Shammas against Jessie Kendrick Bates and another. On defendants' motion to dismiss bill, and complainant's motion for appointment of a receiver. Motions denied.

Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., for complainant.

M. H. Myerson and John W. Dodge, both of Jacksonville, Fla., for defendants.

CALL, District Judge. This cause comes on for a hearing upon the motion to dismiss the bill of complaint, and on the motions of the complainant for the appointment of a receiver and for an injunction.

The bill of complaint sets out a contract on the part of the defendants to sell and convey to the complainant a long-term lease on certain property in the city of Jacksonville. A copy of the instrument is attached to the bill of complaint and made a part of it, and is as follows:

"Part Purchase-Money Receipt and Contract.

"Received this 10th day of September, A. D. 1925, of Naseem N. Shammas the sum of three thousand dollars to be applied on the purchase price of the following property: That certain lease from Edward L. Stevenson and Cassie B. Stevenson to the Park Hotel Company, a corporation, dated January 1, 1915, for a period of ninety-nine (99) years, recorded in Book 171 at page 669 of the current public records of Duval county, Florida, and covering the east one-half (½) of lot three (3) in block forty-three (43), Hart's Map of Jacksonville; the undersigned Jessie Kendrick Bates being the present owner of said lease—which I hereby agree to convey by good and sufficient warranty deed a record, marketable, fee-simple title, free and clear of all incumbrances to Naseem N. Shammas or such person, firm, or corporation as he may designate, for the sum and price of two hundred thousand dollars, upon the following terms: Fifty thousand dollars cash upon the delivery of a deed as above provided, balance to be payable at the rate of ten thousand dollars on or before each year for 15 years, with interest at 6 per cent. per annum, and secured by a mortgage on said lease. Of said fifty thousand dollars cash, the three thousand dollars paid hereunder is to be credited. Taxes, insurance premiums, rentals, and the interest on any mortgage on said property are to be prorated of the date of closing.

"I agree to furnish the said Naseem N. Shammas complete abstracts of title to said property within 90 days from the date hereof, and to allow 30 days from the delivery of said abstracts for their examination. If, upon the examination of the title to said property, a record, marketable, fee-simple title, and one clear of all incumbrances, is not shown by said contract and/or the public records, I agree to return to the said Naseem N. Shammas the said sum of three thousand dollars theretofore paid to me, and the said Naseem N. Shammas shall return to me the said abstracts. If the said Naseem N. Shammas do not notify me as to the state of said title within 30 days after the receipt of said abstracts, or if they shall fail to perform and complete the terms of this agreement within 30 days after receipt of said abstracts, I am to retain the sum of three thousand dollars, above referred to, in full settlement of all liability thereunder."

This paper was duly acknowledged by husband and wife, as required by the Florida statutes.

The bill alleges due notice to the defendants within the time allowed by the instrument of the acceptance of the title and offer to complete the purchase and. the refusal of the defendants to complete the transaction, except upon certain conditions therein set out, to wit, by the delivery of the papers in escrow to be held until the entire purchase money was paid. The motion to dismiss challenges the bill on various grounds, as not stating a case for specific performance.

[1] The ground most strenuously urged is that the contract is too vague and indefinite for the court to decree specific performance. Taking the contract and considering the language therein contained, it seems to me that there is no difficulty in ascertaining the intentions of the parties thereto. It is evident that it was the intention of the defendants to sell and assign the leasehold interest of the wife to the complainant on the terms of $50,000 cash payment on the acceptance of the title and securing by purchase-money mortgage upon the leasehold the payment of $150,000, in installments of $10,000, on or before each year, for 15 years. There is nothing vague or indefinite in such an agreement. It may not be such an agreement as counsel would have advised, had they been consulted beforehand, but there is no ambiguity such as would call for construction, or make the agreement, solemnly entered into and acknowledged, invalid or unenforceable. A lawyer, preparing the agreement, would not have used the words "warranty deed," or "a record, marketable, fee-simple title," when applied to a lease; but the intention of the parties is clear, it seems to me, the same as if it was that the title and right of the married 'woman would be conveyed to the purchaser by a proper instrument recognized by law for that purpose. I am of opinion, therefore, that the motion to dismiss must be denied.

[2] The bill prays for an injunction against the defendants, restraining them from incumbering the leasehold or disposing of same during the pendency of this suit. The contract is on record and notice to the world, and any one dealing with the defendants with relation to the property would take it cum onere of complainant's right. I cannot, therefore, see the necessity for such an order and will deny the application.

[3] There is also a prayer for the appointment of a receiver for the property, and this seems to be grounded upon the allegation that the defendant in whom the title is vested is a married woman, and damages could not be recovered against her; but this is not sufficient in this case to produce necessity for the appointment of a receiver to preserve the corpus. It is apparent from the bill that but $3,000 of the $200,000, to be paid has as yet been received by the defendants. This leaves over $190,000 yet to be paid. Unquestionably the court, in decreeing a specific performance, would in its decree protect any right the complainant would have to be recouped from the amount due the defendants, for any damages suffered by reason of their refusal to complete the contract.

The motion for the appointment of a receiver will be denied.