OXEQUIP HEALTH INDUSTRIES, INC., Plaintiff-Appellee, *v.* CANALMAR, INC., *et al.*, Defendants-Appellants.

First District (5th Division)    No. 80-1476

Opinion filed April 3, 1981.

John P. C. Duncan, Paul T. Fox, and Murray L. Manus, all of Holleb, Gerstein & Glass, Ltd., of Chicago, for appellants.

Roy M. Van Cleave, of Keck, Mahin & Cate, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The defendants appeal from the entry of an order granting a preliminary injunction in an action for specific performance. The order enjoins transferring title of the disputed property. On appeal, the defendants contend (1) plaintiff's complaint does not provide sufficient basis for a preliminary injunction, and (2) the order fails to meet the requirements of section 3—1 of the Injunction Act. Ill. Rev. Stat. 1979, ch. 69, par. 3—1.

The amended complaint alleges that plaintiff, as lessee, and Canalmar, as lessor, entered into a lease for the premises at 12601 S. Springfield, in Alsip, for a period of 10 years with an option to purchase.

According to the lease,

"Lessor represents that it is presently the owner of the property and presently retains all rights of possession thereto, and has full authority to grant lessee an option to purchase the premises * * *."

Despite this representation, legal title was held by Marquette National Bank (MNB) as trustee under an agreement dated January 14, 1974—almost a year before the lease agreement was executed. The complaint alleges that Canalmar was the beneficial owner of the property.

On September 21, 1979, plaintiff attempted to exercise the option to purchase by delivering, to Canalmar, a notice and $20,000 earnest money

deposit. Canalmar refused the tender because of disagreements over the terms of the sale and the timeliness of the notice.

When Canalmar refused to close, plaintiff filed an action for specific performance. Plaintiff also requested an interlocutory order enjoining defendants from conveying the property before resolution of the case, but, by agreed order, the parties maintained the status quo.

At a hearing on defendants' motion to dismiss the specific performance action, defense counsel represented to the court that Canalmar's beneficial interest had been assigned to MNB, in its individual capacity, when the trust was created. The trial court then issued the following preliminary injunction:

> "Defendants and Marquette National Bank are enjoined from transfering [*sic*] Title to the property without bond."

Defendants contend that the complaint does not provide a sufficient basis for the preliminary injunction because:

(1) the complaint does not show that there would be irreparable harm if the preliminary injunction were not issued;

(2) the complaint fails to state a cause of action because Canalmar, as beneficial owner of the property, did not have authority to grant the option, and because it had assigned the beneficial interest to the trustee as collateral;

(3) plaintiff judicially admitted that the option was invalid because, in alternative counts for deceit, it states that the representations Canalmar made (about being the owner and having authority to grant an option) are false;

(4) plaintiff violated the terms of the option, and the option is too ambiguous to enforce.

Defendants also argue that the preliminary injunction does not fulfill the requirements of section 3—1 of the Injunction Act (Ill. Rev. Stat. 1979, ch. 69, par. 3—1) because it fails to set forth the reasons for its issuance and it lacks sufficient specificity.

OPINION

■■ Initially, we note that the record does not show the precise nature of the assignment of beneficial interest which was made to the trustee in its individual capacity. However, we need not speculate about whether MNB has the authority to transfer this interest to a stranger to the litigation because the bank, in its individual capacity, is not a party to this appeal. Consequently, we do not consider the validity of the preliminary injunction insofar as it affects MNB in that capacity. *In re Akers* (1974), 17 Ill. App. 3d 624, 307 N.E.2d 630.

Plaintiff argues that a preliminary injunction is necessary to insure

that its equitable rights will not be extinguished by transfer of the property to a bona fide purchaser who might take without notice of plaintiff's claim.

■■ It is fundamental that injunctive relief is not available when there is an adequate remedy at law. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) This rule also applies when the legal remedy is statutory. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) The statutory remedy for the contingencies which plaintiff is concerned about is lis pendens. (Ill. Rev. Stat. 1979, ch. 110, par. 405.) By filing a statutory lis pendens notice, plaintiff can insure that a subsequent transferee will be bound by the resolution of this action. (See, *e.g., Gravelot v. Skender* (1956), 9 Ill. 2d 15, 135 N.E.2d 756; *Teichman v. Marrazo* (Sup. Ct. Kings County 1963), 42 Misc. 2d 354, 247 N.Y.S.2d 741.) Use of lis pendens can fully protect plaintiff without any need for seeking equivalent protection through equitable relief. *Shammas v. Bates* (S.D. Fla. 1925), 9 F. 2d 423.

When viewed solely in light of the facts which are alleged in the complaint, the statutory remedy is as clear, complete, practical, and efficient as the equitable remedy. (*Bio-Medical Laboratories v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223.) Even when viewed in light of the admissions made by defense counsel, there is no need to enjoin defendants from transferring property which they allegedly already transferred. And, even if MNB reconveys the beneficial interest to Canalmar, plaintiff would still be protected by lis pendens.

We conclude that, under the circumstances of this particular case, plaintiff has an adequate remedy at law. Therefore, we need not consider the defendants' other contentions.

For the preceding reasons, the preliminary injunction is vacated insofar as it enjoins the defendants.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.