THOMAS J. SCHWARTZ, as Trustee, *et al.*, Plaintiffs-Appellees, v. COLDWELL BANKER TITLE SERVICES, INC., as Policy Issuing Agent for Safeco Title Insurance Company, Defendants-Appellants.

Second District   No. 2—88—0979

Opinion filed January 26, 1989.

Fred L. Foreman, State's Attorney, of Waukegan, and Michael J. Duhig, of Coldwell Banker Residential Real Estate, Inc., of Oak Brook (Van J. Herrero, Assistant State's Attorney, of counsel), for appellants Coldwell Banker Title Services, Inc., and Frank Nustra.

Di Leonardi & Broihier, Ltd., of Des Plaines (James K. Lennon, of counsel), for other appellants.

Frederick D. Rawles, of Waukegan (Peter F. Lomonaco, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Thomas J. Schwartz, as trustee, filed suit in the circuit court of Lake County against Coldwell Banker Title Services, Inc. (Coldwell

Banker Title), Robert P. Arend, Christine Pipke, and Frank Nustra, Lake County recorder of deeds. The original complaint sought to prevent Nustra and Coldwell Banker Title from recording a deed to certain real estate sold to Pipke and Arend. An amended complaint filed by Schwartz and additional parties (plaintiffs), adding, as defendants, Coldwell Banker Residential Real Estate Services of Illinois, Inc., and Richard Capoccioni, further sought reformation of the deed, damages for fraud, and damages for fraud pursuant to the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 262 *et seq.*). The circuit court entered a temporary restraining order prohibiting Nustra and Coldwell Banker Title from recording the deed, which was extended on numerous occasions. Subsequently, the circuit court granted a preliminary injunction against Nustra and Coldwell Banker Title preventing them from recording the deed, from which Arend and Pipke (defendants) bring this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)).

Defendants raise three issues on appeal: (1) whether plaintiffs' evidence established entitlement to a preliminary injunction; (2) whether plaintiffs are bound by the actions of their agents in delivering the deed to defendants; and (3) whether the trial court erred by failing to state its reasons for granting injunctive relief.

The following relevant facts are adduced from the pleadings and evidence before the trial court. According to the complaint and amended complaint, on March 8, 1988, plaintiffs and defendants entered into a written contract for the sale of real estate located at 32280 Pine Avenue, Grayslake, Illinois. The subject property was described in the contract as "Lot 1 With Variance From Lot 2 of Driveway To Pine Ave. To Be Part Of Lot 1."

Pursuant to a rider in the contract, defendants' attorney sent a letter to plaintiffs' attorney clarifying that the property to be conveyed would include lot 1 and that part of lot 2 encompassing a driveway accessing Pine Avenue. Defendants' attorney included a photocopy of the survey of the property in which he marked in yellow that portion of lot 2 to be conveyed. The letter also requested that lot 1 be "squared off" so that the east and west boundaries of lot 1 would be the same length. This "squaring off" of lot 1 would include the driveway and another portion of property which was a part of lot 2. Finally, the letter requested that the plaintiffs execute a copy of the letter to evidence their acceptance of the changes contained therein. The approval letter was returned to defendants' attorney and signed by Richard Capoccioni, plaintiffs' real estate broker.

According to the affidavit of Jerome W. Pinderski, Jr., defend-

ants' attorney, he telephoned plaintiffs' attorney's office on two occasions to obtain a copy of a survey indicating the "squared off" lot 1 which was to be delivered at the closing. After further calls, Pinderski's secretary was informed by plaintiffs' attorney's office that the survey in their possession was in error and a new survey was being prepared.

Pinderski then telephoned Capoccioni regarding the survey, and Capoccioni indicated that the plaintiffs had approved of the "squaring off" of lot 1 and that he would provide Pinderski with a copy of the new survey prior to closing. In late April, Capoccioni delivered a copy of a survey dated April 25, 1988, to Arend which indicated a "squared off" border between lot 1 and lot 2. Arend subsequently delivered the survey to Pinderski. Pinderski telephoned the survey company to determine whether a separate survey of lot 1 was available. According to Pinderski, the new survey of lots 1 and 2 had been completed and were to be available at the closing.

The closing occurred on April 29, 1988, at Coldwell Banker Title's offices. Present were Arend, Pipke, Arend's father, Pinderski, plaintiffs' attorney, Capoccioni, and a representative of Coldwell Banker Title. Plaintiffs were not present. According to Pinderski, plaintiffs' attorney tendered one deed for lot 1 and another deed for lot 2. Pinderski refused to accept the deeds because they did not conform to the April 25, 1988, survey of lot 1 which Capoccioni had shown to him at the closing prior to plaintiffs' attorney arriving. Although Pinderski offered to postpone the closing to allow time to modify the deeds, plaintiffs' attorney indicated a desire to conclude the transaction that day.

At that time, Capoccioni revealed the new survey of lot 1 which "squared off" lot 1. Plaintiffs' attorney indicated that he had not seen the new survey. Capoccioni explained to plaintiffs' attorney that plaintiffs and defendants had agreed to close with the new survey and that the purchasers of lot 2 had been advised of the new boundaries but had not objected.

According to Pinderski, plaintiffs' attorney, in the presence of all parties, telephoned Schwartz's office. After completing the call, plaintiffs' attorney had a new legal description typed on a separate piece of paper which conformed to the description of lot 1 in the new survey, and this new legal description was then taped over the legal description on the deed to lot 2. Pinderski then approved both deeds and gave them to the Coldwell Banker Title representative to be recorded. Defendants then delivered several cashier's checks totalling $24,479.97, which represented the balance due on the $150,000 pur-

chase price. The parties stipulated to the Pinderski affidavit and that the beneficial owners of lots 1 and 2 and the purchasers of lot 2 would all testify that they never had any conversation with Capoccioni regarding the boundary changes affecting lots 1 and 2 or concerning the deed to lot 2 as changed.

Defendants first contend that the requirements necessary for issuance of a preliminary injunction have not been met and the trial court, therefore, abused its discretion in granting injunctive relief. The elements which a trial court should consider in deciding whether to issue a preliminary injunction are: (1) the possibility of irreparable harm to the plaintiff's legal rights pending the outcome of trial if the preliminary injunction does not issue; (2) the potential irreparable harm to the defendant's rights if it does; and (3) the plaintiff's likelihood of success on the merits. (*Kanter & Eisenberg v. Madison Associates* (1987), 116 Ill. 2d 506, 510, 508 N.E.2d 1053.) It is an extraordinary remedy, the use of which is applicable only to situations where an extreme emergency exists and serious harm would result in the absence of the injunction. (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 386, 483 N.E.2d 1271.) On appeal from the grant or denial of a preliminary injunction an appellate court is to consider whether the circuit court abused its sound discretion in evaluating these considerations and granting or denying the preliminary injunction. *Chicago Health Clubs, Inc. v. Picur* (1988), 124 Ill. 2d 1, 7-8, 528 N.E.2d 978.

The dispositive issue in this appeal is whether plaintiffs established that they will sustain irreparable harm to their legal rights by waiting for a decision on the merits. If there is an adequate legal or equitable remedy which will make plaintiffs whole after trial, a preliminary injunction should not issue. (*Kanter & Eisenberg*, 116 Ill. 2d at 510-11, 508 N.E.2d at 1055.) In this regard, defendants contend that the filing of the deed has no effect on the passage of title, but merely provides notice to third parties that a transfer has occurred. Thus, they maintain that any claimed interest plaintiffs have in the property is fully protected by plaintiffs' right to file a *lis pendens* notice. Plaintiffs have failed to advance any argument in their brief to support a showing of irreparable harm to them pending outcome of the trial and have acknowledged that they have filed a *lis pendens* notice.

Plaintiffs, as the parties seeking injunctive relief, have the burden of persuasion by a preponderance of the evidence on the elements necessary for issuance of a preliminary injunction. (*Junkunc v. S.J. Advanced Technology & Manufacturing Corp.* (1986), 149 Ill.

App. 3d 114, 118, 498 N.E.2d 1179; *McCormick v. Empire Accounts Service, Inc.* (1977), 49 Ill. App. 3d 415, 417, 364 N.E.2d 420.) Not only have plaintiffs failed to set forth any evidence or argument of irreparable harm, but also it has been held that use of *lis pendens* can fully protect a plaintiff without any need for seeking equivalent protection through injunctive relief. (*Oxequip Health Industries, Inc. v. Canalmar* (1981), 94 Ill. App. 3d 955, 958, 419 N.E.2d 625.) Where, as here, plaintiffs failed to produce evidence showing how they would be irreparably harmed awaiting outcome of a trial on the merits, a preliminary injunction should not have issued. (See *Kanter & Eisenberg*, 116 Ill. 2d at 515, 508 N.E.2d at 1057.) Thus, issuance of the preliminary injunction was an abuse of discretion, and the judgment of the circuit court is reversed.

Reversed.

McLAREN and WOODWARD, JJ., concur.