NOTICE

Decision filed 09/09/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250019-U

NO. 5-25-0019

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, Not in Its Individual Capacity But Solely as Owner Trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, | ) ) ) ) ) | Appeal from the Circuit Court of Champaign County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CH-56 |
| BRANDI WOODWARD, a/k/a Brandi N. Woodward; TIMBERLINE VALLEY SUBDIVISION HOMEOWNERS ASSOCIATION; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS, | ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Jason M. Bohm, |
| (Latif Akbar Khan, Intervenor-Appellant). | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justice Boie concurred in the judgment.
Justice Cates specially concurred.

**ORDER**

¶ 1    *Held*: The trial court's denials of intervenor's petition to intervene and request for additional time to obtain counsel are affirmed where the trial court's rulings were not abuses of discretion.

¶ 2    Intervenor, Latif Khan, appeals the trial court's denial of his petition to intervene and motion for additional time to obtain counsel. For the following reasons, we affirm.

1

¶ 3                                    BACKGROUND

¶ 4    On March 5, 2018, PHH Mortgage Corporation (PHH Mortgage) filed a complaint to foreclose mortgage on defendants Brandi Woodward and Timberline Valley Subdivision Homeowners Association as well as unknown owners, non-record claimants, and unknown occupants. Copies of the subject mortgage and promissory note were attached to the complaint. In addition to the complaint, PHH Mortgage also filed an "affidavit as to unknown owners and non-record claimants [and] unknown occupants," which was defined to include "any other entity or person who claim[ed] an interest" in the property securing the mortgage. Brandi was served on March 13, 2018. The treasurer of the homeowners association was served on March 27, 2018.

¶ 5    On August 7, 2018, PHH Mortgage filed a motion for default, a motion for judgment of foreclosure and sale, and motion to dismiss unknown owners and record claimants. The motions were set for hearing on August 20, 2018, and no one appeared except PHH Mortgage's attorney.

¶ 6    On August 20, 2018, the court issued an order of default as to Brandi and her homeowners association. It also issued an order dismissing unknown owners, non-record claimants, and unknown occupants, and issued a judgment of foreclosure and sale. The judgment specifically found that "service of process in each instance was properly made," and stated that the statutory right to reinstate expired on June 13, 2018, and the statutory right of redemption would expire on November 20, 2018. The judgment also stated that if PHH Mortgage was the ultimate purchaser of the mortgaged real estate at a future sale, and all persons listed as defendants failed to redeem during that period, defendants were "forever barred and foreclosed of any right, title, interest, claim or right to redeem in and to the mortgaged real estate." It further stated that if no redemption was made prior to the sale, the deed would be issued to the purchaser at sale and "said purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions relative

2

thereto." PHH Mortgage's attorneys were ordered to publish notice of the sale for three consecutive weeks in a local newspaper. The order further stated that after the sale was confirmed and a deed sufficient to convey title was issued, "said conveyance shall be an entire bar to all claims of the parties to the foreclosure and all persons claiming thereunder and all claims of UNKNOWN OWNERS and any NON-RECORD CLAIMANTS if served by publication."

¶ 7    On September 18, 2018, Brandi filed a motion to vacate the order of default. In support of the motion, Brandi alleged that she was actively conversing with the mortgage company during the foreclosure proceedings and "was told by a representative of the mortgage company that she did not need to address the lawsuit as long as she was working on a solution with" PHH Mortgage. The motion was set for hearing on November 19, 2018. Brandi's counsel was the only party that appeared for the November 19, 2018, hearing. Following the hearing, the court granted Brandi's motion and entered an order vacating the August 20, 2018, order of default and judgment of foreclosure. Brandi was given 21 days to answer the foreclosure complaint or otherwise plead.

¶ 8    On December 4, 2018, Brandi moved to dismiss the foreclosure complaint and further moved to quash the sheriff's sale that remained scheduled for December 14, 2018, despite the court's order vacating the orders of default and judgment. No response to the motion was filed, and on February 5, 2019, Brandi set the motions for hearing on March 26, 2019. The case proceeded to hearing on March 25, 2019. Brandi's attorney did not appear. The court noted the erroneous date on the prior notice and continued the case.

¶ 9    On April 18, 2019, PHH Mortgage filed a motion to deem defendant's motion to dismiss and motion to quash sale as "denied or withdrawn" based on Brandi's failure to timely call the motions for hearing. PHH Mortgage also issued a notice setting its motion for hearing on June 24, 2019. At that hearing, the court granted PHH Mortgage additional time to reply to Brandi's motion.

3

On July 15, 2019, PHH Mortgage filed its response stating that Brandi failed to properly plead her section 2-619 motion to dismiss, her allegations were deficient on their face, her affidavit was improper and insufficient, and there was no basis to award Brandi attorney fees or costs. In support of the response, additional documents were attached, including a *lis pendens* filed with the county clerk on March 19, 2018, giving notice of the foreclosure.

¶ 10     On September 23, 2019, the court held a hearing on the motion to dismiss. The court denied Brandi's motion to dismiss and granted Brandi additional time to answer the complaint. Brandi's answer, affirmative defenses, and counterclaim were filed on December 23, 2019. PHH Mortgage filed its answer to Brandi's affirmative defenses and counterclaim on March 26, 2020.

¶ 11     On March 7, 2022, plaintiff moved to substitute party plaintiff and change counsel. PHH Mortgage alleged that Brandi's loan was acquired by U.S. Bank Trust National Association, as trustee for RCF Acquisition Trust (U.S. Bank). The motions were scheduled for hearing on May 23, 2022, and on May 24, 2022, the court issued an order substituting U.S. Bank Trust National Association, as trustee for RCF 2 Acquisition Trust, as plaintiff.

¶ 12     On July 5, 2022, U.S. Bank filed a motion to dismiss unknown owners and non-record claimants. It also filed a motion for summary judgment against Brandi, a motion for default against Brandi's homeowners association, and a motion for judgment of foreclosure and sale. On July 27, 2022, Brandi's attorney moved to withdraw due to his impending retirement. On August 23, 2022, the trial court issued an order granting the attorney's motion to withdraw and setting U.S. Bank's motion for hearing on September 26, 2022, but ultimately continued the case on that date when new counsel appeared for Brandi.

¶ 13     On June 7, 2023, U.S. Bank refiled the motion to dismiss unknown and non-record claimants, the motion for summary judgment against Brandi, the motion for default against the

4

homeowners association, and a motion for judgment of foreclosure. After allowing Brandi additional time to reply to the motions, and a hearing on October 30, 2023, the trial court issued orders granting U.S. Bank's motions for default, summary judgment, dismissal of unknown owners and non-record claims, and issued a judgment of foreclosure and sale. The judgment of foreclosure and sale set the redemption period expiration as January 31, 2024. A notice of sale was filed on January 17, 2024, setting the sale date as February 23, 2024. Certification of publication of the sale was also filed. On February 26, 2024, a selling officer's report of sale and distribution along with a sheriff's certificate of sale were filed. Both documents stated that U.S. Bank was the winning bidder with an offer of $179,350.94.

¶ 14 On March 19, 2024, U.S. Bank filed a motion for order approving report of sale and distribution and confirming the sale. On April 3, 2024, the trial court issued an order approving the report of sale and distribution and confirming the sale of the property to U.S. Bank.

¶ 15 On May 3, 2024, the appellant herein, Latif A. Khan, filed a *pro se* petition to intervene. The petition requested the court prohibit U.S. Bank from recording the sheriff's sale deed. In support, Latif alleged that he, and not the defendants listed in the foreclosure proceeding, was the actual owner of the property. Attached to the petition was a warranty deed conveying the subject property from Brandi to Latif on November 12, 2018. Therein, Latif agreed "to assume and pay" the mortgage in the warranty deed. The deed was filed with the county clerk on February 20, 2024.

¶ 16 A hearing on the petition to intervene was held on June 3, 2024. Counsel for Latif appeared and requested additional time to file an amended petition. The request was granted as were additional requests for time through October 21, 2024. On October 23, 2024, Latif's counsel filed a motion to withdraw. The trial court granted the motion to withdraw on October 28, 2024, and set Latif's petition to intervene for hearing on November 19, 2024.

5

¶ 17    On November 19, 2024, Latif appeared *pro se* and orally requested an extension of time to retain new counsel. Before ruling on the requested extension, the court asked Latif to explain what he sought to accomplish by intervening. Latif acknowledged that there was a mortgage on the property, and stated he intended to pay the mortgage. He requested additional time so he could hire a new attorney. U.S. Bank's counsel argued that a foreclosure complaint was filed on March 5, 2018, and a *lis pendens* was filed approximately one week later. The attorney further argued that Latif's "claim for lien" was recorded on January 9, 2019, the two-year period for the lien expired in January 2021, and Latif was subject to the doctrine of *lis pendens*.

¶ 18    The trial court denied Latif's request for an extension of time to obtain new counsel and also denied his petition to intervene. The court explained that it would not give Latif additional time to find new counsel because his lien was no longer enforceable, an order approving the sale of the property had already been entered, and the foreclosure was complete. The court found no legal basis for Latif's claim to prevail. Latif appealed.

¶ 19                                    ANALYSIS

¶ 20    On appeal, Latif argues that he was denied due process by the trial court's denial of his petition to intervene and request for additional time to obtain new counsel. In response, U.S. Bank argues that Latif's initial brief failed to adhere to Illinois Supreme Court Rule briefing guidelines and the brief should be stricken. It further urges affirmation of the rulings if this court were to consider the merits on appeal.

¶ 21    We agree that Latif's brief on appeal does not adhere to Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellant briefs. The rule requires that the brief contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages

6

of the record on appeal," and an argument section "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct 1, 2020).

¶ 22 Apart from quoting portions of the November 19, 2024, hearing transcript, the fact section of Latif's brief contained few citations to the record and instead included several speculative allegations and unwarranted argument. The argument portion of the brief lacked citation to the record and provided no supporting authority beyond vague assertions to the U.S. Constitution.

¶ 23 A reviewing court "is not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. Our supreme court rules "are not advisory suggestions, but rules to be followed." *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We recognize that Latif is proceeding *pro se* on this appeal. However, his *pro se* status does not relieve him of the burden of complying with the court's rules. *Id.* When an appellant's brief does not follow those rules, we have the inherent authority to dismiss the appeal. *Id.*

¶ 24 Additionally, arguments that are not supported by legal authority as required by Rule 341(h)(7) are procedurally defaulted on appeal. *In re P.S.*, 2021 IL App (5th) 210027, ¶ 57; *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. While Latif does cite to various cases and statutes in his reply brief, that does not resolve the deficiencies in his opening brief. See Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Therefore, the majority of Latif's noncompliant brief leaves this court with little constituting a viable argument on appeal.

¶ 25 "We recognize that striking an appellate brief, in whole or in part, is a harsh sanction ***." *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 15 (citing *In re Detention of*

7

*Powell*, 217 Ill. 2d 123, 132 (2005)). Further, striking a brief or dismissing the appeal is appropriate only where the violations of the procedural rules governing appellate briefs hinder our review. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. While the brief is far from compliant with the Illinois Supreme Court Rules, the basis of Latif's appeal is clear. Latif disputes the trial court's order denying his petition to intervene and request for additional time to obtain counsel to file an amended petition to intervene.

¶ 26    The trial court's allowance or disallowance of a petition to intervene is usually one of discretion. *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139-40 (1995). As such, we review the decision to determine if the court's ruling was an abuse of discretion. *Winders v. People*, 2015 IL App (3d) 140798, ¶ 13; *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58 (2002). An abuse of discretion occurs when no reasonable person would take the view adopted by the court. *Enbridge Pipelines (Illinois), L.L.C. v. Murfin*, 2022 IL App (5th) 160007-B, ¶ 62.

¶ 27    Section 2-408 of the Code of Civil Procedure governs intervention. 735 ILCS 5/2-408 (West 2022). In making its determination, the court considers "whether the petition to intervene is timely, whether the petitioner's interest is sufficient, and whether that interest is being adequately represented by someone else in the lawsuit." *Soyland Power Cooperative, Inc. v. Illinois Power Co.*, 213 Ill. App. 3d 916, 918 (1991). On appeal, U.S. Bank argues that Latif's petition to intervene was insufficient pursuant to section 2-408(e) that requires an initial pleading or motion to accompany the petition seeking intervention. 735 ILCS 5/2-408(e) (West 2022). We note, however, that no such argument was presented to the trial court and U.S. Bank forfeited this argument by raising it solely on appeal. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15.

¶ 28    We start with the last two requirements of a sufficient interest and whether that interest was adequately represented by someone else. *Soyland Power Cooperative, Inc.*, 213 Ill. App. 3d at 918.

8

Latif's interest was based on a November 12, 2018, warranty deed which made him the owner of the property. A necessary party is defined as

> "one whose presence in the suit is required to (1) protect an interest that the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his or her absence, (2) reach a decision that will protect the interests of those who are before the court, or (3) enable the court to make a complete determination of the controversy." *Killion v. Meeks*, 333 Ill. App. 3d 1188, 1193-94 (2002) (citing *Treschak v. Yorkville National Bank*, 237 Ill. App. 3d 855, 859 (1992)).

¶ 29    As the owner of the property subject to the foreclosure proceeding, typically, Latif would be a necessary party. However, Latif's warranty deed was not filed with the county clerk until February 20, 2024, long after the mortgage foreclosure proceedings were initiated. As such, Latif is more accurately classified as a non-record owner for the majority of the proceedings before the trial court. We also note that the record is devoid of any other party seeking relief as an intervenor, or even as a defendant at the time Latif filed his petition to intervene, who adequately represented Latif in this matter. Based solely on these two requirements, it would appear that Latif's petition to intervene should have been granted.

¶ 30    However, both the record and the law preclude Latif's intervention in this case. With regard to timeliness, "a person may not normally seek intervention after the rights of the original parties have been determined and a final decree entered." *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 298 (1995). However, there are instances where the intervention petition "may be filed even after dismissal of the case and still be timely where necessary to protect the interests of the intervenor." *Id.* This is not one of those instances.

9

¶ 31     First, we must note the *lis pendens* filed with the county clerk on March 19, 2018, giving notice of the foreclosure action. "*Lis pendens*" means a lawsuit is pending. *Admiral Builders Corp. v. Robert Hall Village*, 101 Ill. App. 3d 132, 135 (1981). "After a party records a *lis pendens*, all subsequent purchasers and lien claimants are bound" by the outcome of the lawsuit that was the basis for the *lis pendens*. *Bank of New York v. Langman*, 2013 IL App (2d) 120609, ¶ 28 (citing *Oxequip Health Industries, Inc. v. Canalmark, Inc.*, 94 Ill. App. 3d 955, 958 (1981)).

> " '[F]rom the time the notice of *lis pendens* is filed, it serves as constructive notice to every person subsequently acquiring an interest in the property, and *** the person acquiring the subsequent interest shall be bound by the proceedings to the same extent and in the same manner as if he were a party.' " *Id.* (quoting *Security Savings & Loan Ass'n v. Hofmann*, 181 Ill. App. 3d 419, 422 (1989)).

One of the purposes of the *lis pendens* doctrine is to protect prospective "purchasers by giving them notice that the land they are buying might be affected by a judgment later entered in a pending action to which they would be bound." *LLC 1 05333303020 v. Gil*, 2020 IL App (1st) 191225, ¶ 20 (citing *Admiral Builders Corp.*, 101 Ill. App. 3d at 136-37).

¶ 32     Here, Latif had constructive notice of the foreclosure proceeding prior to his purchase of the property in 2018. Once he purchased the property, he could have entered his appearance in this matter at any time during the next six years as a subsequent purchaser, but he did not. As such, this court must hold, as a matter of law, that Latif had constructive notice of the foreclosure proceedings sufficient to warrant timely intervention in the proceedings—not six years after the litigation was filed and on the last day for filing a pleading after the property sale.

¶ 33     Second, the original foreclosure complaint filed on March 5, 2018, listed as defendants both "unknown owners" and "non-record claimants." The trial court's order dismissing Latif as an

unknown owner or non-record claimant was issued on October 30, 2023. Latif's petition to intervene was not filed until May 3, 2024, almost six months after the court dismissed Latif as an unknown owner or non-record claimant. As noted above, Latif had constructive notice of the foreclosure proceeding when the *lis pendens* was filed March 19, 2018. Further, by his own admission, he spoke with the mortgage company prior to filing the petition to intervene.

¶ 34 While "[t]he intervention statute is remedial in nature and, as such, should be construed liberally" (*In re Restoration of Civil Rights & Issuance of a Firearm Owner's Identification Card to Bailey*, 2016 IL App (5th) 140586, ¶ 22), we cannot find that even the most liberal construction would include this situation. The foreclosure proceeding was filed six years prior to the requested intervention and the proposed intervenor had constructive notice of the pending lawsuit when he purchased the property in November 2018. He also had constructive notice of the property sale that was published as required by statute. Further, Latif's petition provided no basis to explain why he failed to seek intervention until May 3, 2024. Accordingly, we cannot find that the trial court's denial of Latif's petition to intervene was an abuse of discretion.

¶ 35 Latif also argues that the trial court erred by denying his motion for additional time to obtain counsel that would file an amended petition to intervene. "[A] trial court is granted 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.' " *People v. Baez*, 241 Ill. 2d 44, 106 (2011) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006)). We review a trial court's denial for an extension of time to obtain counsel for an abuse of discretion. *Id.* Such finding occurs only where the court's ruling was "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

11

¶ 36    Here, the record reveals that Latif's counsel withdrew approximately one month prior to the hearing on Latif's petition to intervene. However, the original petition to intervene had been pending for six months, and the *lis pendens* had been on file for over six years. "The denial of a motion for continuance to obtain new counsel is not an abuse of discretion 'if new counsel is not specifically identified or does not stand ready, willing, and able to make an unconditional entry of appearance *instanter*.' " *People v. Antoine*, 335 Ill. App. 3d 562, 580 (2002) (quoting *People v. Burrell*, 228 Ill. App. 3d 133, 142 (1992)). Here, the identity of new counsel was not provided. Indeed, Latif admitted he had not yet found an attorney. Further, Latif provided no basis for filing an amended petition to intervene. Under these facts, we cannot hold that the trial court's denial of Latif's request for additional time to obtain counsel to file an amended petition to intervene was an abuse of discretion.

¶ 37                                    CONCLUSION

¶ 38    For the above-stated reasons, we affirm the trial court's denial of Latif's petition to intervene and request for additional time to obtain counsel.

¶ 39    Affirmed.

¶ 40    JUSTICE CATES, specially concurring:

¶ 41    Although I am at odds with my colleagues regarding portions of the analysis, I agree that the trial court did not abuse its discretion in denying the intervenor's petition to intervene and his motion for additional time to obtain counsel. Accordingly, I concur in the result.