2020 IL App (1st) 191225

SIXTH DIVISION
October 9, 2020

No. 1-19-1225

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LLC 1 05333303020, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 M2 640 |
| | ) | |
| PAWEL GIL, | ) | |
| | ) | Honorable Sanjay T. Tailor, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, LLC 1 05333303020 (LLC), appeals an order of the circuit court that granted the motion for summary judgment of defendant, Pawel Gil (Gil), who had sought in part to quiet title in the subject property located at 9527 Greenwood Drive in Des Plaines. On appeal, LLC contends that title should have been quieted in its name because of a defect in previous foreclosure proceedings related to the property. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    This appeal involves two sets of proceedings relating to the subject property—a foreclosure action that was filed in 2010 and an eviction action that was filed in 2018.

¶ 4                                    A. 2010 Foreclosure Action

¶ 5     In June 2004, Leszek Pacholek bought the subject property with a mortgage granted to Bank of America, N.A. As an aside, neither Pacholek nor Bank of America is involved in the appeal, but they were the parties in the foreclosure action. On August 20, 2009, Pacholek granted LLC title to the property via a quitclaim deed, which was recorded with the Cook County Recorder of Deeds on January 28, 2010. On January 19, 2010, Bank of America initiated a foreclosure action against Pacholek and recorded a *lis pendens* on January 21, 2010. Thus, the *lis pendens* in the foreclosure action was recorded about a week before LLC recorded its quitclaim deed.

¶ 6     In the foreclosure action, an affidavit from a special process server stated that Pacholek was served by substitute service. A copy of the summons and complaint was given to Andy Pacholek, who was Pacholek's brother-in-law, on January 22, 2010, and a copy was mailed to defendant on January 26, 2010. On May 13, 2010, the court entered an order of default, stating that Pacholek was served with the summons and complaint and did not answer or otherwise plead. The court also dismissed nonrecord claimants, unknown tenants, and unknown owners, as well as entered a judgment of foreclosure and order of sale, finding that due and proper notice had been given and that Bank of America's mortgage was superior to all other defendants' liens, rights, or claims on the real estate. The foreclosure judgment also provided that after the judicial sale, the defendants and "all persons claiming under them *** [shall] be forever barred and foreclosed of and from all rights and equity and redemption or claim of, in and to said premises or any part thereof." On March 28, 2011, the court entered an order confirming the sale of the property to Bank of America. Later, Bank of America conveyed the property to Gil via a special warranty deed, which was recorded on December 28, 2011. Gil states that he has since lived at the property.

¶ 7 On April 28, 2015, Pacholek filed a petition to quash service under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). The petition stated that service was defective, which deprived the court of jurisdiction over Pacholek and required all previous orders to be vacated. In attached affidavits, Pacholek and his wife each averred that Pacholek did not have a brother-in-law named Andy Pacholek, they did not know anyone named Andy Pacholek, and no one by that name had ever lived in their home. Further, Pacholek never received a summons or complaint in the mail. On July 13, 2015, the court granted Pacholek's petition to quash, noting that Bank of America was served, but did not appear. The court vacated all of the orders in the foreclosure case, vacated the foreclosure sale, and returned possession of the property to Pacholek.

¶ 8 On August 12, 2015, Bank of America filed a motion to reconsider, asserting that neither it nor Gil, the third-party purchaser, were served notice of the section 2-1401 petition. On January 20, 2016, the court vacated its previous order. Except for the order that had granted the petition to quash, all orders entered in the foreclosure action were reinstated in their entirety, "including, but not limited to, the judgment of foreclosure and order approving sale." Pacholek's section 2-1401 petition was dismissed with prejudice pursuant to settlement and stipulation by the parties.

¶ 9                                    B. Eviction Action

¶ 10 On February 8, 2018, LLC filed a complaint seeking to evict Gil from the property, stating that LLC was the owner of record pursuant to a deed recorded on January 28, 2010. Gil filed a counterclaim, seeking in part to quiet title and obtain a declaratory judgment about the parties' interest in the property. The parties filed cross-motions for summary judgment.

¶ 11 In a deposition, LLC's manager, Joseph Varan, explained that LLC is a holding company. At the time of the transaction with Pacholek, the subject property was vacant and the Pacholek

family was living in another property across the street. In exchange for the quitclaim deed, LLC arranged for an affiliated company to pay $5000 or $10,000 of the Pacholek family's legal fees in an unrelated matter. Pacholek would also receive a percentage of any income derived from the property. LLC paid money to Pacholek as well, but Varan did not recall the amount. Varan was not aware that there had been a delay in recording the deed. Varan further stated that the eviction complaint was not filed earlier because he had "hundreds of different properties, and a lot of different things going on. So it was just in the queue to be done, and it finally got done."

¶ 12 In Gil's motion for summary judgment, he asserted that because the *lis pendens* in the foreclosure action was recorded before the quitclaim deed, LLC had constructive notice of the foreclosure. LLC was bound by the proceedings as if it had been a party to them, and so any interest LLC had in the property was extinguished in the foreclosure. Gil was protected as a subsequent purchaser against the prior, unrecorded interest of LLC.

¶ 13 In LLC's motion for summary judgment, it disputed that it was bound by the orders in the foreclosure action. According to LLC, a *lis pendens* disappears after six months if the plaintiff fails to serve the defendant, and Pacholek was never served. LLC asserted that it was not likely that a man's brother-in-law would have the same last name as him. LLC also noted that in Pacholek's section 2-1401 petition, he disclaimed any knowledge of Andy Pacholek. LLC further stated that Bank of America explicitly dismissed nonrecord claimants and unknown owners as defendants in the foreclosure action.

¶ 14 On May 21, 2019, after a hearing, the court entered a written order that granted summary judgment in favor of Gil, stating that title was quieted, established, and confirmed in Gil, free and clear of LLC's claims. Judgment was entered in favor of Gil and against LLC on the eviction

complaint. In its oral ruling, the court stated that Gil's claim to the property was stronger than LLC's claim to the property.

¶ 15    LLC timely appealed.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, LLC contends that title should have been quieted in its favor because the *lis pendens* was not perfected by proper service in the foreclosure action, and as a result, LLC's interest in the property survived the foreclosure. LLC argues that a *lis pendens* disappears after six months if the defendant in the case is not served, and Pacholek was not served. LLC states that the person who was allegedly served—Andy Pacholek—did not exist. LLC maintains that due to the defective service, it is not bound by the orders entered in the foreclosure action.

¶ 18    This matter is an appeal from a grant of summary judgment, which is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). Summary judgment is a drastic measure that should be granted only if the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Our review of a grant of summary judgment is *de novo*. *Colburn v. Mario Tricoci Hair Salon & Day Spas, Inc.*, 2012 IL App (2d) 110624, ¶ 32. We may affirm the circuit court's ruling for any reason supported by the record, regardless of the grounds relied on by the circuit court. *Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 2017 IL App (1st) 160200, ¶ 21.

¶ 19    An action to quiet title is an equitable proceeding where a party seeks to remove a cloud on his title to the property. *Stahelin v. Forest Preserve District of Du Page County*, 376 Ill. App. 3d 765, 779 (2007). "A cloud on title is the semblance of title, either legal or equitable, appearing

in some legal form but which is, in fact, unfounded or which it would be inequitable to enforce." (Internal quotation marks omitted.) *Hoch v. Boehme*, 2013 IL App (2d) 120664, ¶ 41. To prevail, a plaintiff must actually have title, though it need not be perfect. *Id.* Further, the plaintiff must recover on the strength of his own title and not on defects in the defendant's title. *Id.*

¶ 20    At issue here is the effect of the *lis pendens* recorded in the foreclosure action on the competing claims to the property. As noted above, Bank of America recorded a *lis pendens* about a week before LLC recorded its quitclaim deed. "*Lis pendens*" means a pending suit. *Admiral Builders Corp. v. Robert Hall Village*, 101 Ill. App. 3d 132, 135 (1981). Under the *lis pendens* doctrine, "one who obtains an interest in property during the pendency of a suit affecting it is bound to the result of that litigation as if he had been a party from the outset." *First Midwest v. Pogge*, 293 Ill. App. 3d 359, 363 (1997). *Lis pendens* operates *in rem*, so persons who are not parties to the litigation are still bound by the litigation. *Wagemann Oil Co. v. Marathon Oil Co.*, 306 Ill. App. 3d 562, 572 (1999). The *lis pendens* doctrine serves multiple purposes: (1) avoiding endless litigation of property rights precipitated by transfers of interest, (2) protecting plaintiffs from third parties who might acquire, during the pendency of litigation, interest in the property such as would preclude the court from granting the plaintiffs' requested relief, and (3) protecting purchasers by giving them notice that the land they are buying might be affected by a judgment later entered in a pending action to which they would be bound. *Admiral Builders Corp.*, 101 Ill. App. 3d at 136-37.

¶ 21    Two statutes relating to *lis pendens* are relevant here. The first, section 2-1901 of the Code (735 ILCS 5/2-1901 (West 2008)) states:

"Except as otherwise provided in Section 15-1503, every condemnation

proceeding, proceeding to sell real estate of decedent to pay debts, or other action

seeking equitable relief, affecting or involving real property shall, from the time of the filing in the office of the recorder in the county where the real estate is located, of a notice signed by any party to the action or his attorney of record or attorney in fact, on his or her behalf, setting forth the title of the action, the parties to it, the court where it was brought and a description of the real estate, be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person and every person acquiring an interest or lien as above stated, not in possession of the property and whose interest or lien is not shown of record at the time of filing such notice, shall, for the purposes of this Section, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he or she were a party thereto. If in any such action plaintiff or petitioner neglects or fails for the period of 6 months after the filing of the complaint or petition to cause notice to be given the defendant or defendants, either by service of summons or publication as required by law, then such notice shall cease to be such constructive notice until service of summons or publication as required by law is had."

The second statute, section 15-1503 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1503 (West 2008)) states:

"A notice of foreclosure, whether the foreclosure is initiated by complaint or counterclaim, made in accordance with this Section and recorded in the county in which the mortgaged real estate is located[,] shall be constructive notice of the pendency of the foreclosure to every person claiming an interest in or lien on the

mortgaged real estate, whose interest or lien has not been recorded prior to the recording of such notice of foreclosure. Such notice of foreclosure must be executed by any party or any party's attorney and shall include (i) the names of all plaintiffs and the case number, (ii) the court in which the action was brought, (iii) the names of title holders of record, (iv) a legal description of the real estate sufficient to identify it with reasonable certainty, (v) a common address or description of the location of the real estate and (vi) identification of the mortgage sought to be foreclosed. An incorrect common address or description of the location, or an immaterial error in the identification of a plaintiff or title holder of record, shall not invalidate the lis pendens effect of the notice under this Section. A notice which complies with this Section shall be deemed to comply with Section 2-1901 of the Code of Civil Procedure and shall have the same effect as a notice filed pursuant to that Section; however, a notice which complies with Section 2-1901 shall not be constructive notice unless it also complies with the requirements of this Section."

¶ 22 In both statutes, a *lis pendens*, which is notice of the pending litigation about the subject property, serves as constructive notice to persons who have an unrecorded interest in the property. Section 2-1901 explicitly states that for that constructive notice to be effective, and bind a person with an unrecorded interest to the result of the litigation, the plaintiff must serve the defendant within six months of filing the complaint. 735 ILCS 5/2-1901 (West 2008). LLC asserts that the six-month service requirement applies to *lis pendens* in foreclosure proceedings under section 15-1503 of the Mortgage Foreclosure Law. LLC is incorrect.

¶ 23    LLC's argument raises a question of statutory interpretation. The fundamental rule of statutory interpretation is to give effect to the legislature's intent, and the words of the statute are the best indicator of that intent. *Village of Chatham v. County of Sangamon*, 351 Ill. App. 3d 889, 894 (2004). A key principle that applies here is that "[g]enerally, specific statutory provisions control over general provisions on the same subject." (Internal quotation marks omitted.) *Stone v. Department of Employment Security Board of Review*, 151 Ill. 2d 257, 266 (1992). While section 2-1901 of the Code applies to *lis pendens* in a host of areas, section 15-1503 of the Mortgage Foreclosure Law states the requirements for *lis pendens* in foreclosure proceedings only. See *Agribank, FCB v. Rodel Farms, Inc.*, 251 Ill. App. 3d 1050, 1053 (1993) (section 15-1503 "specifically applies to foreclosure proceedings"). Section 2-1901 also states that the section applies "[e]xcept as otherwise provided in Section 15-1503." 735 ILCS 5/2-1901 (West 2008). Thus, section 15-1503 of the Mortgage Foreclosure Law is the specific statutory provision, and its terms control over the general *lis pendens* provision found in section 2-1901 of the Code. Notably, section 15-1503 of the Mortgage Foreclosure Law does not state that the defendant must be served within six months of the complaint for the *lis pendens* to serve as constructive notice. When a statute is clear and unambiguous, we may not depart from the plain language and meaning by reading into it exceptions, limitations, or conditions that the legislature did not express. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 15. There is no six-month service requirement in section 15-1503, which is the controlling statute here, and we will not add that requirement. Further, section 15-1503 states that a notice that "complies with this Section shall be deemed to comply with Section 2-1901 of the Code and shall have the same effect as a notice filed pursuant to that Section." 735 ILCS 15-1503 (West 2008). And under section 2-1901 of the Code, persons

with unrecorded interests when a *lis pendens* is filed are bound by the proceedings as if they were parties. 735 ILCS 5/2-1901 (West 2008).

¶ 24 Here, whether Bank of America served Pacholek within six months of the complaint did not affect the validity of the *lis pendens*. LLC does not challenge the *lis pendens* on any other basis. The *lis pendens* was valid, and because it was recorded before LLC's quitclaim deed, LLC was bound by the foreclosure proceedings as if LLC were a party. As a result, the foreclosure proceedings, as stated in the foreclosure judgment, extinguished LLC's interest in the property. See 735 ILCS 5/15-1506(i)(2) (West 2008) ("[u]pon the entry of the judgment of foreclosure, the rights in the real estate subject to the judgment of foreclosure of *** all persons made a party in the foreclosure *** shall be solely as provided for in the judgment of foreclosure").

¶ 25 LLC also contends that the trial court should have considered anew whether Pacholek was actually served in the foreclosure action. LLC argues that *res judicata* and collateral estoppel do not apply to the circuit court's order related to Pacholek's section 2-1401 petition. LLC states that neither Gil nor LLC are in privity with Bank of America or Pacholek and there was no adversarial presentation followed by a reasoned decision.

¶ 26 LLC's argument is hard to follow. LLC denies it was a party to the foreclosure action or in privity with Bank of America or Pacholek. Unanswered, then, is on what procedural grounds LLC can mount a challenge to service of process in a foreclosure action that ended years ago and in which its interest was extinguished. LLC only asserts that *res judicata* and collateral estoppel do not apply, but does not articulate the vehicle by which LLC—as opposed to someone with a viable connection to the property or foreclosure action—can affirmatively assert that service was defective in a prior case. "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which

an appellant may dump the burden of argument and research ***." (Internal quotation marks omitted.) *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009). LLC did not supply any authority for why it can challenge service of process, other than its arguments related to the *lis pendens*, which we have rejected. LLC's position is without merit.

¶ 27    LLC attempts to undo the foreclosure proceedings years after it concluded. Yet, LLC's own delay caused its interest to be extinguished. LLC waited over five months to record its quitclaim deed, by which time the *lis pendens* had already been recorded. For years, LLC apparently did nothing, until it filed its eviction action in February 2018. We will not vacate the confirmation of a judicial sale—which is functionally what LLC is trying to do—"at the insistence of an interested party whose complained-of error was the result of its own negligence." *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 40. LLC's arguments are unavailing. Title was properly quieted in Gil and judgment was properly entered in favor of Gil on the eviction complaint.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 30    Affirmed.

**No. 1-19-1225**

| | |
|---|---|
| **Cite as:** | *LLC 1 05333303020 v. Gil*, 2020 IL App (1st) 191225 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-M2-640; the Hon. Sanjay T. Tailor, Judge, presiding. |
| **Attorneys for Appellant:** | Adam Goodman, of Goodman Tovrov Hardy & Johnson LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Brandon R. Freud and Jasmine D. Morton, of Chuhak & Tecson, P.C., of Chicago, for appellee. |