2023 IL App (1st) 221297-U

SECOND DIVISION
March 21, 2023

No. 1-22-1297

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| EVELIA M. NARANJO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 L 5125 |
| | ) | |
| MICHAEL CARROLL, KUSTOMUS, CAT5 | ) | |
| RESTORATION, and ANDREW ZAVODNEY, et al., | ) | Honorable |
| | ) | John J. Curry, Jr., |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Ellis concurred in the judgment.

ORDER

¶ 1   *Held*:   Appellant's brief failed to comply with Illinois Supreme Court Rule 341 and severely impeded this court's ability to consider this appeal; accordingly, defendants' motion to dismiss the appeal is granted and the judgment of the circuit court is affirmed.

¶ 2   Plaintiff, Evelia Naranjo, filed a fourth amended complaint against defendants, Michael Carroll, Julie Kukowsky, and CAT5 Restoration; Andy Zavodney, Sarah Try, Jessica Kraus, and KustomUS, CAT5, a division of KustomUS, and Kustom Disaster Restoration (collectively "Kustom"), in two counts stemming from defendants' hiring, compensation during employment, and eventual termination of plaintiff. The circuit court of Cook County granted defendants' motion to dismiss plaintiff's fourth amended complaint with prejudice. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Because this is an appeal from a judgment granting a motion to dismiss a complaint we primarily consider the allegations in the operative complaint. The operative complaint is plaintiff's fourth amended complaint ("complaint") in two counts. Plaintiff's complaint begins with several paragraphs alleging defendants' motives and actions including using falsities and omissions to recruit plaintiff for employment, avoiding and failing to compensate plaintiff as plaintiff expected, preventing plaintiff from learning the truth, and eventually terminating plaintiff.

¶ 5      The summation of the allegations is that CAT5 and Kustom are in the restoration business. Plaintiff allegedly has valuable contacts in the insurance industry, which hires restoration companies for their insureds. Plaintiff is also allegedly highly skilled at writing estimates for restoration work that maximize the restoration company's profit. CAT5 was allegedly already in talks to sell CAT5 to Kustom but could not complete the sale because of CAT5's financial position, but the hiring of plaintiff would add significant value and permit the sale to go through. Plaintiff could also increase the companies' revenues. Defendants allegedly induced plaintiff to come to work for them with promises of a senior position in the company and large incomes reflecting, and in exchange for, access to plaintiff's contacts and sharing of plaintiff's estimating skills. After plaintiff was hired defendants allegedly did formally complete the sale of CAT5 to Kustom and defendants' revenues did increase. However, instead of what was "promised," plaintiff received a salaried position as an estimator, was nonetheless used for her contacts and estimating acumen, and when she complained, defendants first tried to intimidate her then fired her.

¶ 6      Nonetheless, plaintiff's complaint contains the following allegation:

"During the interview/hiring process, of everything that was discussed,

Carroll told Plaintiff that he/Carroll wanted her/Plaintiff to 1) concentrate on

thorough and accurate Xactimate ([a software program sed to write estimates])

estimate writing in order to raise profit margins on estimates and to also 2) focus

on program compliance. Those were the two tasks that Carroll gave Plaintiff at

hiring. Carroll told Plaintiff that marketing was put on hold and not included in

the position as Estimator."

¶ 7    Plaintiff does allege defendants told her that her position would be renegotiated in three months to reflect a larger role in the company and commensurate compensation, but that review never took place. Plaintiff alleges this was all done for the purpose of defendants' unjustly enriching themselves to plaintiff's detriment.

¶ 8    Plaintiff's complaint then states Count I titled "Hired Under False Pretense, Misrepresentation, Inducement; Unjust Enrichment Regarding: Michael Carroll." Count I claims the trial court previously "accepted" Carroll as a defendant under count I pursuant to plaintiff's second amended complaint, and that plaintiff only included count I in the complaint at issue "for [the] purpose of adding Count II to this case." Plaintiff then purports to incorporate 182 paragraphs of plaintiff's second amended complaint "as though fully set forth herein" as well as the trial court's order for discovery to proceed as to count I.

¶ 9    Under "count I" of the complaint, plaintiff claims that defendants unjustly enriched themselves under three distinct causes of action: (1) the Illinois Consumer Fraud and Deceptive Practices Act, (2) the Illinois Wage Act, and (3) common law. Next plaintiff alleges the claim(s) in count II are independent of and in the alternative to any claims based on any written agreement between the parties because any written agreement does not cover the same subject

matter as raised in count II. Plaintiff asserts that such alternative pleading is permitted by Federal Rule of Procedure 8(a)(3). Plaintiff alleges that defendants engaged in various forms of unlawful behavior in order to carry out their unjust enrichment including lies, omissions, violation of multiple federal and state laws, and commission of various torts.

¶ 10    Count II of plaintiff's complaint is titled Retaliatory Discharge to Avoid Payment Regarding: CAT5 Restoration, CAT5, a division of KustomUS, Kustom Disaster Restoration, and KustomUS. Count II again realleges count I of plaintiff's second amended complaint. Plaintiff also restates that "Count I for Carroll is included here since Fourth Amended Complaint is being submitted for purpose of adding Count II to this case." Count II of plaintiff's complaint then alleges multiple causes of action (unjust enrichment and retaliatory discharge) based on multiple grounds for recovery for each (*e.g.*, violation of the Fair Labor Standards Act (FLSA) (29 U.S.C. § 201 *et seq.*) and Illinois common law). The paragraph reads:

> "Pursuant FLSA 1938 U.S.C. 201, *et seq.* § 215(a)(3) and § 216 and pursuant the Illinois Common Law for Retaliatory Discharge to Avoid Payment and also Common Law for Unjust Enrichment, Defendants unjustly enriched themselves with retaliatory discharge to avoid payment to the detriment of Plaintiff, therefore Plaintiff asks this Honorable Court for relief."

¶ 11    Plaintiff alleges that count I for unjust enrichment and count II, ostensibly for retaliatory discharge, are "related but not dependent on each other." In sum, plaintiff alleges that to effectuate their unjust enrichment after plaintiff complained that defendants were retaining the compensation due to her, defendants discharged plaintiff from her employment. Plaintiff alleges that defendants retaliated against her in violation of a "public policy" in that plaintiff allegedly refused to participate in fraudulent activity by writing estimates that would lower the amount the

insurer owed to its insured for one insurance company despite being pressured by defendants to do so, and because defendants allegedly defamed plaintiff by stating plaintiff committed "gouging" of her estimates, as well as physical and other threats. Plaintiff alleges that her refusal to cooperate in the alleged fraud against certain insureds is why she was fired, "and for various other reasons not related to" that insurance company including defendants' desire not to pay plaintiff what she was owed. Plaintiff claims that defendants' firing her after her complaints about defendants' alleged "unjust enrichment" and alleged refusal to pay her promised compensation is itself a violation of public policy. Plaintiff alleges she reasonably relied on defendants' assurances. Plaintiff alleges that all of defendants' conduct was for the "purpose to obtain unjust enrichment to the detriment of Plaintiff."

¶ 12    Count II also alleges that defendants violated 18 U.S.C. § 1589 (the Peonage, Slavery, and Trafficking in Persons Act), 42 U.S.C. §§ 3617 and 12203 (the Fair Housing and Equal Opportunity for Individuals with Disabilities Acts), and 810 ILCS 5/2-302 (West 2020) (the unconscionable Contract Clause). Finally, count II requests a declaratory judgment "for Plaintiff to obtain due compensation which [defendants] have denied to Plaintiff."

¶ 13    On April 15, 2022, defendants filed a combined motion pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)) to dismiss plaintiff's complaint. Defendants argued: (1) plaintiff's complaint fails to satisfy sections 2-603 and 2-604.2 of the Code (735 ILCS 5/2-603, 2-604.2 (West 2020)); (2) plaintiff failed to sufficiently plead plaintiff's statutory claims, which had previously been dismissed; (3) plaintiff's Fair Labor Standards Act (FLSA) claim is legally insufficient and is time barred; and (4) plaintiff's claim for common law unjust enrichment is legally insufficient. Defendants asked that the complaint be dismissed with prejudice.

¶ 14    On July 27, 2022, following a hearing, the trial court entered a judgment granting defendants' motion to dismiss plaintiff's complaint with prejudice "[f]or the reasons stated by the Court at the *** hearing." There was no court reporter or transcript of that hearing and the trial court refused to certify plaintiff's bystander's report.

¶ 15    This appeal followed.

¶ 16                                    ANALYSIS

¶ 17    "A motion to dismiss brought pursuant to section 2-615 is a facial challenge asserting that the complaint fails to state a cause of action upon which relief can be granted." (Internal quotation marks omitted.) *Glover v. The City of Chicago*, 2023 IL App (1st) 211353, ¶ 38 (quoting *Village of Willow Springs v. Village of Lemont*, 2016 IL App (1st) 152670, ¶ 22). A section 2-619 motion to dismiss "admits the sufficiency of the complaint but raises defects, defenses, or other affirmative matters appearing on the face of the complaint or established by external submissions, which defeat the cause of action." *Id.* ¶ 55 (citing *Jenkins v. Concorde Acceptance Corp.* 345 Ill. App. 3d 669, 674 (2003)). "Section 2-619.1 provides that section 2-615 and section 2-619 motions may be filed together as a single motion but that such a combined motion shall be divided into parts that are limited to and specify the single section of the Code under which the relief is sought." *Tielke v. Auto Owners Insurance Co.*, 2019 IL App (1st) 181756, ¶ 23.

> "In reviewing a dismissal under sections 2-615 and 2-619, we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the nonmoving party. [Citation.] Dismissal under either section occurs where a party alleges no set of facts that would entitle him or her to relief. [Citation.]" *In re Estate of Khan*, 2021 IL App (1st) 200278, ¶ 20.

This court will "review the dismissal *de novo*." *Dahlman v. Michalak*, 2022 IL App (1st) 211337, ¶ 7.

¶ 18    Before we reach the merits of the appeal, we must address defendants' argument the appeal should be dismissed for failing to comply with Illinois Supreme Court Rule 341 (eff. May 24, 2006) in multiple respects. "Rule 341 governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. "[The] Supreme court's rules 'are not aspirational' and 'are not suggestions,' but rather, '[t]hey have the force of law, and the presumption must be that they will be obeyed and enforced as written.' [Citation.]" *Deutsche Bank Trust Co. Americas as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS15 v. Sigler*, 2020 IL App (1st) 191006, ¶ 28 (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). Thus, compliance with Rule 341 is mandatory and failure to do so, alone, permits this court, in its discretion, to strike a brief and dismiss an appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12. "We recognize that striking an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15 (citing *In re Detention of Powell,* 217 Ill. 2d 123, 132 (2005)). In this case, we exercise our discretion to strike plaintiff's brief and dismiss plaintiff's appeal because the defects in plaintiff's brief under Rule 341 have the effect of hindering this court's review of the issues on appeal.

¶ 19    Rule 341 reads, in pertinent part, as follows:

"The appellant's brief shall contain the following parts in the order named:

* * *

(6) Statement of Facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal in the format as set forth in the Standards and Requirements for Electronic Filing the Record on Appeal.

(7) Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Evidence shall not be copied at length, but reference shall be made to the pages of the record on appeal where evidence may be found. Citation of numerous authorities in support of the same point is not favored. Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h) (eff. May 24, 2006).

¶ 20    As previously noted defendants argue that plaintiff's brief fails to comply with Rule 341 in multiple ways. Defendants argue that plaintiff's "Standard of Review" section is "nearly incomprehensible" and "fails to cite any authority to support the so-called standard of review or properly identify which issue has which standard of review." Ill. S. Ct. R. 341(h)(3) ("The appellant must include a concise statement of the applicable standard of review for each issue, with citation to authority, either in the discussion of the issue in the argument or under a separate heading placed before the discussion in the argument."). Defendants argue that plaintiff's "Statement of Facts" section "is replete with argument" and "without reference to the record."

Ill. S. Ct. R. 341(h)(6). Defendants also argue that plaintiff "does not include a single citation to authority in her substantive argument section;" rather, in a separate section titled "Statutes and Rules Involved" plaintiff "includes a mix of undeveloped argument and citations to case authority and statutes *** without any citation to the relevant record *** or analysis as to the cited authorities." See Ill. S. Ct. R. 341(h)(7). Finally, defendants complain that plaintiff cites "an uncertified Bystander's Report." Defendant argues that "[a]s all of [plaintiff's] brief violate [*sic*] the Rules, the Court should deny [plaintiff's] appeal.

¶ 21    We agree with defendants' observations about plaintiff's brief. Most notable for this court is plaintiff's failure to comply with Rule 341(h)(7).

¶ 22    This court will not accept conclusory arguments unsupported by any citations to authority. "The appellate court is not a depository into which a party may dump the burden of research." *Hall*, 2012 IL App (2d) 111151, ¶ 13. "An argument must explain why, in the context of the case, the law supports the claim of reversible error; it should advise the appellate court how principles of law and the facts of the case interact." 5 Am. Jur. 2d Appellate Review § 476. Plaintiff's brief does contain a section titled "Statutes and Rules Involved," and in this section, plaintiff attempts to state what plaintiff must prove to sustain her unjust enrichment and retaliatory discharge claims (*e.g.*, "The appeal involves interpreting unjust enrichment from three aspects."), but plaintiff fails to provide any analysis of them. Plaintiff then separately lists "Illinois Cases of Unjust Enrichment as Alternative Pleading to Written Contract" and "Supreme Court Cases for Unjust Enrichment as an Independent Action" and includes a few cases and some of their holdings but no more.

¶ 23    Plaintiff states separately procedural facts relating to plaintiff's case, then lists some statutes plaintiff presumably believes to be applicable. There is no application of these facts,

legally or factually, to plaintiff's case. There is no explanation of why the cases apply or any authority stating the statutes apply. Plaintiff repeated this pattern in separate sections titled "Retaliatory Discharge to Avoid Payment," "Defamation," and "Vicarious Liability, Respondeat Superior." That is, plaintiff listed some authorities and occasionally stated some procedural facts of this case but no cogent argument. Subsequently, plaintiff's "Argument" section states plaintiff's factual claims, without citation to the record, and fails to apply those facts to the applicable law. Plaintiff does not minimally provide citations to the aforementioned cases to coincide with plaintiff's factual assertions.

¶ 24    Plaintiff's argument most consistently states procedural facts related to the litigation and occasionally states factual allegations implicitly in support of her claims; but plaintiff fails to apply the few factual allegations to any legal standards, implicitly asking this court to perform that task on plaintiff's behalf. However, a "reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *LLC 1 05333303020 v. Gil*, 2020 IL App (1st) 191225, ¶ 26 (quoting *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009)). "We will not search the record for the purpose of finding error where an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. Plaintiff provided no explanation as to "why, in the context of the case, the law supports the claim of reversible error" nor did plaintiff "advise the appellate court how principles of law and the facts of the case interact." 5 Am. Jur. 2d Appellate Review § 476.

¶ 25    We find that here, as in *Hall*, "where *** most important, plaintiff's arguments are conclusory and not supported by any authority, we have no choice but to strike the brief and

dismiss the appeal." *Hall*, 2012 IL App (2d) 111151, ¶ 15. "[C]ourts are entitled to have the issues clearly defined and a cohesive legal argument presented. [Citation.] Where an appellant fails to present a cogent argument, that argument is forfeited." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 28. Therefore, plaintiff's brief is stricken and the appeal is dismissed. *McCann*, 2015 IL App (1st) 141291, ¶ 12. The result is the judgment of the circuit court of Cook County is affirmed.

¶ 26                              CONCLUSION

¶ 27    For the foregoing reasons, the appeal is dismissed and the judgment of the circuit court of Cook County is affirmed.

¶ 28    Appeal dismissed; affirmed.